UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| BRANDON AUGSPURGER, individually and on behalf of all others similarly situated,<br><br>v.<br><br>THE CHRIST HOSPITAL, INC. d/b/a THE CHRIST HOSPITAL HEALTH NETWORK | Case No. 1:22-cv-334<br>FLSA Collective Action<br>Fed. R. Civ. P. 23 Class Action<br><br><br><br>Jury Trial Demanded |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.    Like many other companies across the United States, The Christ Hospital, Inc. d/b/a The Christ Hospital Health Network's ("Christ Hospital") timekeeping and payroll systems were affected by the hack of Kronos in 2021.

2.    That hack led to problems in timekeeping and payroll throughout Christ Hospital's organization.

3.    As a result, Christ Hospital's workers who were not exempt from overtime under federal and state law were not paid for all hours worked and/or were paid their proper overtime premium on time, if at all, for all overtime hours worked after the onset of the Kronos hack.

4.    Brandon Augspurger is one such Christ Hospital worker.

5.    Christ Hospital could have easily implemented a system to accurately record time and properly pay non-exempt hourly and salaried employees until issues related to the hack were resolved.

6. But it didn't. Instead, Christ Hospital pushed the cost of the Kronos hack onto the most economically vulnerable people in its workforce.

7. Christ Hospital made the economic burden of the Kronos hack fall on front-line workers—average Americans—who rely on the full and timely payment of their wages to make ends meet.

8. After significant delay, Christ Hospital made payment of some of these outstanding wages. However, portions of these earned wages remain unpaid.

9. Christ Hospital's failure to pay wages, including proper overtime, for all hours worked violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

10. Christ Hospital's failure to pay wages, including proper overtime, for all hours worked to its workers in Ohio also violates the Ohio Minimum Fair Wage Standards Act (OMFWSA), Ohio Rev. Code §§ 4111 *et seq.*, and the Ohio Prompt Pay Act (OPPA), Ohio Rev. Code § 4113.15.

11. Augspurger brings this lawsuit to recover these unpaid overtime wages and other damages owed by Christ Hospital to him and Christ Hospital's other non-overtime-exempt workers, who were the ultimate victims of not just the Kronos hack, but Christ Hospital's decision to make its own non-exempt employees bear the economic burden for the hack.

12. This action seeks to recover the unpaid wages and other damages owed by Christ Hospital to all these workers, as occasioned by the unpaid wages, along with exemplary damages, penalties, interest, and other remedies provided by federal and Ohio law.

## JURISDICTION & VENUE

13. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

14. The Court has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Christ Hospital is headquartered in this District.

## PARTIES

16. **Plaintiff Brandon Augspurger** is a natural person.

17. Augspurger was, at all relevant times, an employee of Christ Hospital.

18. Augspurger has worked for Christ Hospital since March 2020.

19. During and after December 2021, Harvey performed work for Christ Hospital in Ohio.

20. Augspurger represents at least two groups of similarly situated Christ Hospital workers.

21. Augspurger represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former non-exempt employees of Christ Hospital (including its subsidiaries and alter egos), who worked in the United States at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

22. Augspurger represents a class of similarly situated workers under Ohio law pursuant to Federal Rule of Civil Procedure 23. This "Ohio Class" is defined as:

> **All current or former non-exempt employees of Christ Hospital (including its subsidiaries and alter egos) who worked in Ohio at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

23. Throughout this Complaint, the FLSA Collective members and Ohio Class members are referred to jointly as the "Similarly Situated Workers."

24. **Defendant The Christ Hospital, Inc. d/b/a The Christ Hospital Health Network ("Christ Hospital")** is a domestic corporation.

25. Christ Hospital is headquartered in this District.

26. Christ Hospital may be served by service upon its registered agent, **CT Corporation System, 4400 Easton Commons Way, Ste. 125, Columbus, OH 43219**, or by any other method allowed by law.

27. At all relevant times, Christ Hospital has been doing business under the assumed name, "The Christ Hospital Health Network."

28. At all relevant times, Christ Hospital has been doing business under the assumed name, "Christ Hospital Health Network."

29. Christ Hospital operates medical facilities throughout Ohio.

30. The facilities operated by Christ Hospital include, but are not limited to:

- The Christ Hopital – Main Campus
- The Christ Hospital Medical Center – Liberty Township

31. Christ Hospital's subsidiaries and alter egos include, but are not limited to, the following:

- The Christ Hospital Cardiovascular Associates, LLC
- The Christ Hospital Clinically Integrated Network, LLC
- The Christ Hospital Dialysis
- The Christ Hospital Health Network Service Corporation
- The Christ Hospital Health Network Urgent Care, LLC
- The Christ Hospital Health Services Corp.
- The Christ Hospital Home Health Care
- The Christ Hospital Medical Associates
- The Christ Hospital Medical Associates II, LLC
- The Christ Hospital Medical Associates III, LLC

- The Christ Hospital Medical Specialists, LLC
- The Christ Hospital Orthopedic Associates III, LLC
- The Christ Hospital Orthopedic Associates, LLC
- The Christ Hospital Physicians, LLC
- The Christ Hospital Orthopedic Associates
- The Christ Hospital Physicians, LLC

32. At all relevant times, Christ Hospital operated as an alter ego of its facilities.

33. At all relevant times, Christ Hospital's facilities operated as its alter egos.

34. At all relevant times, Christ Hospital and its facilities operated as alter egos of one another.

35. At all relevant times, Christ Hospital exerted operational control over each of these facilities and any of its other facilites.

36. At all relevant times, Christ Hospital had the authority to set pay practices at each of these facilities and any of its other facilites.

37. At all relevant times, Christ Hospital substantially controlled the terms and conditions of employment for workers at each of these facilities and any of its other facilites.

38. At all relevant times, Christ Hospital had a common control and management of labor relations regarding employees at each of these facilities and any of its other facilites.

39. At all relevant times, Christ Hospital exerted operational control over its subsidiaries and alter egos.

40. At all relevant times, Christ Hospital substantially controlled the terms and conditions of employment for workers of its subsidiaries and alter egos.

41. At all relevant times, Christ Hospital had a common control and management of labor relations regarding employees of its subsidiaries and alter egos.

42. Christ Hospital employed and/or jointly employed, with its subsidiaries and alter egos, Augspurger and the Similarly Situated Workers.

43. Christ Hospital and its subsidiaries and alter egos are joint employers for purposes of the FLSA.

44. Christ Hospital and its subsidiaries and alter egos are joint employers for purposes of Ohio law.

45. Throughout this Complaint, Christ Hospital and its subsidiaries and alter egos are referred to jointly as "Christ Hospital."

### COVERAGE UNDER THE FLSA

46. At all relevant times, Christ Hospital was an employer of Augspurger within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

47. At all relevant times, Christ Hospital was and is an employer of the FLSA Collective Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

48. Christ Hospital was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

49. During at least the last three years, Christ Hospital has had gross annual sales in excess of $500,000.

50. Christ Hospital was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

51. Christ Hospital employs many workers, including Augspurger, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell,

or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

52. The goods and materials handled, sold, or otherwise worked on by Augspurger and other Christ Hospital employees and that have been moved in interstate commerce include, but are not limited to, medical equipment and supplies.

53. The activities performed by Augspurger and other Christ Hospital employees were in connection with the operation of Christ Hospital's hospitals. 29 U.S.C. § 203(r)(2)(A).

## FACTS

54. Christ Hospital provides healthcare throughout the Cincinnati area. Christ Hospital, About, https://www.thechristhospital.com/about-the-network (last visited June 9, 2022)

55. Christ Hospital operates more than 100 medical facilities. Christ Hospital, About, https://www.thechristhospital.com/about-the-network (last visited June 9, 2022).

56. Christ Hospital employes more than 6,500 people. Christ Hospital, About, https://www.thechristhospital.com/about-the-network (last visited June 9, 2022).

57. Many of Christ Hospital's employees are non-exempt hourly and salaried workers.

58. Since at least 2021, Christ Hospital has used timekeeping software and hardware operated and maintained by Kronos.

59. On or about December 11, 2021, Kronos was hacked with ransomware.

60. The Kronos hack interfered with the ability of its customers, including Christ Hospital, to use Kronos's software and hardware to track hours and pay employees.

61. For at least a portion of time following the Kronos hack, Christ Hospital failed to keep accurate track of the hours that Augspurger and Similarly Situated Workers worked.

62. Instead, Christ Hospital has used various methods to estimate the number of hours Augspurger and Similarly Situated Workers work in each pay period.

63. For example, Christ Hospital issued paychecks based on scheduled hours or estimated hours, or simply duplicated paychecks from pay periods prior to the Kronos hack.

64. As a result of Christ Hospital's failure to accurately track the actual hours worked each week, employees who were non-exempt and worked overtime were in many cases paid less than the hours they worked in the workweek, including overtime hours.

65. Many employees were not even paid for all their non-overtime wages for hours worked in certain workweeks.

66. Augspurger is one of the thousands of employees affected by these pay and timekeeping practices.

67. Instead of paying Augspurger for the hours he actually worked (including overtime hours), Christ Hospital simply paid based on estimates of time or pay, or based upon arbitrary considerations **other than** Augspurger's actual hours worked and regular pay rates, in multiple workweeks.

68. In properly calculating and paying overtime to a non-exempt employee, the only metrics that are needed are: (1) the number of hours worked in a day or week, and (2) the employee's regular rate, taking into account shift differentials, non-discretionary bonuses, and other factors allowed under the law.

69. Christ Hospital knows it has to pay proper overtime premiums to non-exempt hourly and salaried employees.

70. Christ Hospital knows this because, prior to the Kronos hack, it routinely paid these workers for all overtime hours at the proper overtime rates.

71. Christ Hospital could have instituted any number of methods to accurately track and timely pay its employees for all hours worked.

72. Instead of accurately tracking hours and paying employees their overtime, Christ Hospital decided to arbitrarily pay these employees, without regard to the overtime hours they worked or the regular rates at which they were supposed to be paid.

73. It was feasible for Christ Hospital to have its employees and managers report accurate hours so they could be timely paid the full and correct amounts of money they were owed for the work they did for the company.

74. But Christ Hospital chose not to do that.

75. In other words, Christ Hospital pushed the effects of the Kronos hack onto the backs of its most economically vulnerable workers, making sure that it kept the money it owed to those employees in its own pockets, rather than take steps to make sure its employees were paid on time and in full for the work they did.

76. Augspurger is just one of the many Christ Hospital employees who had to shoulder the burden of this decision by Christ Hospital.

77. Augspurger was a non-exempt hourly employee of Christ Hospital.

78. Augspurger regularly worked over 40 hours per week for Christ Hospital.

79. Augspurger's normal, pre-Kronos hack hours are reflected in Christ Hospital's records.

80. Since the Kronos hack, Christ Hospital has not timely paid Augspurger for his actual hours worked each week.

81. Since the hack took place, Christ Hospital has not been accurately recording the hours worked by Augspurger and its other workers.

82. Christ Hospital was aware of the overtime requirements of the FLSA.

83. Christ Hospital nonetheless failed to timely pay the full overtime premium owed to certain non-exempt hourly and salaried employees, such as Augspurger.

84. Christ Hospital's failure to pay overtime to these non-exempt workers was, and is, a willful violation of the FLSA.

85. The full overtime wages owed to Augspurger and the Similarly Situated Workers became "unpaid" when the work for Christ Hospital was done—that is, on Augspurger and the Similarly Situated Workers' regular paydays. *E.g.*, *Martin v. United States*, 117 Fed. Cl. 611, 618 (2014); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993); *Cook v. United States*, 855 F.2d 848, 851 (Fed. Cir. 1988); *Olson v. Superior Pontiac–GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir.1985), *modified*, 776 F.2d 265 (11th Cir.1985); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944); *Birbalas v. Cuneo Printing Indus.*, 140 F.2d 826, 828 (7th Cir.1944).

86. At the time Christ Hospital failed to pay Augspurger and the Similarly Situated Workers in full for their overtime hours by their regular paydays, Christ Hospital became liable for all prejudement interest, liquidated damages, penalties, and any other damages owed under the law.

87. In other words, there is no distinction between late payment and nonpayment of wages under the law. *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993).

- 10 -

88. Any payment made by Christ Hospital to Augspurger or the Similarly Situated Workers that Christ Hospital may allege represents previously unpaid wages was not supervised by the Department of Labor or any court.

89. The untimely payment of overtime wages, in itself, does not resolve a claim for unpaid wages under the law. *See*, *e.g.*, *Seminiano v. Xyris Enterp., Inc.*, 602 Fed.Appx. 682, 683 (9th Cir. 2015); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

90. Nor does the untimely payment of wages, if any, compensate workers for the damages they incurred due to Christ Hospital's acts and omissions resulting in the unpaid wages in the first place.

91. Augspurger and the Similarly Situtated Workers remain uncompensated for the wages and other damages owed by Christ Hospital under federal and Ohio law, and are due liquidated damages, interest, and/or exemplary damage or penalties thereunder.

## COLLECTIVE ACTION ALLEGATIONS

92. Numerous individuals were victimized by Christ Hospital's patterns, practices, and policies, which are in willful violation of the FLSA.

93. Based on his experiences and tenure with Christ Hospital, Augspurger is aware that Christ Hospital's illegal practices were imposed on the FLSA Collective.

94. The FLSA Collective members were not timely paid their full overtime premiums for all overtime hours worked.

95. These employees are victims of Christ Hospital's respective unlawful compensation practices and are similarly situated to Augspurger in terms of the pay provisions and employment practices at issue in the collective in this lawsuit.

96. The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

97. Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

98. Christ Hospital's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

99. The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

100. The illegal practices Christ Hospital imposed on Augspurger were likewise imposed on the Ohio Class members.

101. Numerous other individuals who worked for Christ Hospital were were not properly compensated for all hours worked, as required by Ohio law.

102. The Ohio Class is so numerous that joinder of all members of the class is impracticable.

103. Christ Hospital imposed uniform practices and policies on Augspurger and the Ohio Class members regardless of any individualized factors.

104. Based on his experience and tenure with Christ Hospital, as well as coverage of the Kronos hack, Augspurger is aware that Christ Hospital's illegal practices were imposed on the Ohio Class members.

105. Ohio Class members were all not timely paid proper overtime when they worked in excess of 40 hours per week.

106. Christ Hospital's failure to pay wages and overtime compensation in accordance with Ohio law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Ohio Class members.

107. Augspurger's experiences are therefore typical of the experiences of the Ohio Class members.

108. Augspurger has no interest contrary to, or in conflict with, the members of the Ohio Class. Like each member of the proposed class, Augspurger has an interest in obtaining the unpaid wages and other damages owed under the law.

109. A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

110. Absent this action, many Ohio Class members likely will not obtain redress of their injuries and Christ Hospital will reap the unjust benefits of violating Ohio law.

111. Furthermore, even if some of the Ohio Class members could afford individual litigation against Christ Hospital, it would be unduly burdensome to the judicial system.

112. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

113. The questions of law and fact common to each of the Ohio Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

  a. Whether Augspurger and the Ohio Class members were paid overtime at 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek;

  b. Whether Christ Hospital's failure to pay Augspurger and the Ohio Class members their proper overtime rates overtime violated the OMFWSA;

  c. Whether Christ Hospital paid Augspurger and the Ohio Class members all wages due within the period of time allowed by the OPPA;

  d. Whether Christ Hospital's failure to timely pay wages to Augspurger and the Ohio Class members violated the OPPA.

114. Augspurger's claims are typical of the Ohio Class members. Augspurger and the Ohio Class members have all sustained damages arising out of Christ Hospital's illegal and uniform employment policies.

115. Augspurger knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

116. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

### FIRST CAUSE OF ACTION—OVERTIME VIOLATIONS OF THE FLSA AS TO AUGSPURGER AND THE FLSA COLLECTIVE

117. Augspurger incorporates all other allegations.

118. By failing to pay Augspurger and the FLSA Collective members overtime at 1.5 times their regular rates, when such payments were due, Christ Hospital violated the FLSA. 29 U.S.C. § 207(a).

119. Christ Hospital owes Augspurger and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

120. Likewise, Christ Hospital owes Augspurger and the FLSA Collective members their agreed-upon rates of pay for all hours worked up to and including 40 each week in which they worked over 40 hours in the week, but were not paid in full for all hours.

121. Christ Hospital knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.

122. Because Christ Hospital knew or showed reckless disregard for whether its pay practices violated the FLSA, Christ Hospital owes these wages for at least the past three years.

123. Christ Hospital's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

124. Due to the delay in paying wages due under the FLSA, Christ Hospital owes Augspurger and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

125. Accordingly, Augspurger and the FLSA Collective members are entitled to full payment of their overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

### Second Cause of Action—Violations of the OMFWSA as to Augspurger and the Ohio Class

126. Augspurger incorporates all other allegations.

127. The conduct alleged in this Complaint violates the OMFWSA, Ohio Rev. Code §§ 4111 *et seq.*

128. At all relevant times, Christ Hospital has been an "employer" within the meaning of the OMFWSA. Ohio Rev. Code §§ 4111.02, 4111.03(D)(2); Ohio Const. Article II, Section 34a.

129. At all relevant times, Christ Hospital employed Augspurger and the other Ohio Class members as "employees" within the meaning of the OMFWSA. Ohio Rev. Code §§ 4111.02, 4111.03(D)(3); Ohio Const. Article II, Section 34a.

130. The OMFWSA requires an employer like Christ Hospital to pay employees at a rate no less than the minimum wage for each hour worked. Ohio Rev. Code § 4111.02; Ohio Const. Article II, Section 34a.

131. As a result of Christ Hospital's failure to pay Augspurger and the Ohio Class at a rate no less than the minimum wage for all hours worked, Christ Hospital violated the OMFWSA.

132. The OMFWSA requires an employer like Christ Hospital to pay overtime to all non-exempt employees. Ohio Rev. Code § 4111.03(A).

133. Augspurger and the other Ohio Class members are non-exempt employees who are entitled to be paid overtime for all overtime hours worked at a rate of no less than 1.5x their regular rate. Ohio Rev. Code § 4111.03(A).

134. Within the applicable limitations period, Christ Hospital had a policy and practice of failing to pay proper overtime to the Ohio Class members for their hours worked in excess of 40 hours per week.

135. As a result of Christ Hospital's failure to pay proper overtime to Augspurger and the Ohio Class members for work performed in excess of 40 hours in a workweek, Christ Hospital violated the OMFWSA.

136. Augspurger and the Ohio Class members are entitled to recover their unpaid wages, liquidated damages, attorneys' fees, costs, and all other legal and equitable relief provided under Ohio law. Ohio Const. Article II, Section 34a.

### THIRD CAUSE OF ACTION—VIOLATIONS OF THE OPPA AS TO AUGSPURGER AND THE OHIO CLASS

137. Augspurger incorporates all other allegations.

138. The conduct alleged in this Complaint violates the OPPA, Ohio Rev. Code § 4113.15.

139. At all relevant times, Christ Hospital has been an "employer" within the meaning of the OPPA. Ohio Const. Article II, Section 34a.

140. At all relevant times, Christ Hospital employed Augspurger and the Ohio Class members as "employees" within the meaning of the OPPA. Ohio Const. Article II, Section 34a.

141. Christ Hospital failed to pay earned wages and overtime to Augspurger and the Ohio Class members.

142. Christ Hospital failed to pay the wages earned by Augspurger and the Ohio Class members within the time permitted under the OPPA, Ohio Rev. Code § 4113.15(A).

143. Christ Hospital had a policy and practice of failing make timely payement of wages to the Augspurger and the Ohio Class members.

144. Christ Hospital did not act in good faith in failing to pay earned wages to Augspurger and the Ohio Class members and in violating the OPPA.

145. As a result of Christ Hospital's failure to pay earned wages to Augspurger and the Ohio Class members within the time required by the OPPA, Christ Hospital violated the OPPA.

146. Christ Hopsital has failed to pay the outstanding wages for more than 30 days beyond the regularly scheduled payday.

147. Augspurger and the Ohio Class members are entitled to recover all wages due to them, liquidated damages, interest, attorneys' fees, costs, and all other legal and equitable relief provided under the OPPA. Ohio Rev. Code § 4113.15(B).

## RELIEF SOUGHT

Augspurger prays for judgment against Christ Hospital as follows:

    a. For an order certifying a collective action for the FLSA claims;

    b. For an order certifying a class action for the Ohio law claims;

    c. For an order finding Christ Hospital liable for violations of federal wage laws with respect to Augspurger and all FLSA Collective members covered by this case;

    d. For an order finding Christ Hospital liable for violations of Ohio wage laws with respect to Augspurger and all Ohio Class members covered by this case;

    e. For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Augspurger and all FLSA Collective members covered by this case;

    f. For a judgment awarding all unpaid wages, liquidated damages, and penalties under Ohio wage laws to Augspurger and all Ohio Class members covered by this case;

    g. For an equitable accounting and restitution of wages due to Augspurger and all FLSA Collective and Ohio Class members members covered by this case;

    h. For a judgment awarding attorneys' fees to Augspurger and all FLSA Collective and Ohio Class members covered by this case;

i. For a judgment awarding costs of this action to Augspurger and all FLSA Collective and Ohio Class members covered by this case;

j. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Augspurger and all FLSA Collective and Ohio Class members covered by this case; and

k. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ J. Corey Asay*
_____

**J. Corey Asay**
Ohio Bar No.: 0090203
**MORGAN & MORGAN, P.A.**
333 W. Vine St., Ste. 1200
Lexington, KY 40507
Tel:  (859) 286-8368
Fax:  (859) 286-8384
Email: casay@forthepeople.com

**Matthew S. Parmet**
TX Bar # 24069719
(*seeking admission pro hac vice*)
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone  713 999 5228
matt@parmet.law

**Attorneys for Plaintiff**

### JURY DEMAND

Augspurger demands a trial by jury on all issues.

*/s/ J. Corey Asay*
_____
**J. Corey Asay**